**Joseph LONG, Plaintiff–Appellant,**

v.

**Vera SIMMONS, Lt., et al., Defendants–Appellees.**

No. 94–60350
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 20, 1996.

Joseph Long, Leakesville, MS, pro se.

Gary S. Evans, Kevin C. Bradley, Pascagoula, MS, Peggy G. Mullins, Jackson Coun-

ty Board Atty's Office, Pascagoula, MS, for Appellees.

Before POLITZ, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:

We have before us the return of Joseph Long's civil rights complaint which, on remand, was dismissed without prejudice for failing to comply with a court order. For the reasons assigned, we vacate and remand.

## Background

Proceeding *pro se* and *in forma pauperis,* on February 1, 1993 Long invoked 42 U.S.C. § 1983 and filed suit against Vera Simmons, Pete Pope, and Major Robincheaux, alleging that while a pretrial detainee in Pascagoula, Mississippi he was placed in a cell with a convicted inmate against whom he had testified at a murder trial. He alleges that the inmate stabbed him several times.

On November 17, 1993 the clerk for the Southern District of Mississippi sent Long a document entitled "New Procedure for 1983 Pro Se Prisoner Cases," which called for a disclosure form to be returned by December 20, 1993. Long failed to return the form in a timely manner and the district court dismissed his action on January 31, 1994. Ten days later Long moved to reinstate his action. On May 13, 1994, before the district court ruled on the motion to reinstate, Long filed a notice of appeal of the dismissal of his case. He then sought a voluntary dismissal

of his motion to reinstate. This request was granted on September 13, 1994.

On the first appeal, without reaching the merits, we remanded to the district court for a determination whether the motion to reinstate, construed as a Rule 59(e) motion to alter or amend, had been served timely.[1] This finding was deemed essential to a decision on appellate jurisdiction because former Rule 59(e) provided that a motion to alter or amend had to be *served* within ten days of entry of the judgment in order to be timely.[2] On remand, the district court did not reach this issue but, rather, found the question moot in light of the voluntary dismissal.

## Analysis

Prior to December 1, 1995 Rule 59(e) of the Federal Rules of Civil Procedure required *service* of a motion to alter or amend judgment within ten days of the entry of the judgment. As recently amended, that Rule now provides that "[a]ny motion to alter or amend a judgment shall be *filed* no later than 10 days after entry of judgment." The amended rule applied to all proceedings in civil cases then pending "insofar as just and practicable."[3] Amendments to the Federal Rules of Civil Procedure should be given retroactive application "to the maximum extent possible."[4] We conclude that the amended rule should be applied in this instance. The record reflects that Long's motion was filed timely. We gained jurisdiction over this appeal when the district court disposed of that motion.[5]

A district court may dismiss an action *sua sponte* under Fed.R.Civ.P. 41(b) for failure to comply with a court order.[6] We review such dismissals for an abuse of discre-

---

1. Long v. Simmons, No. 94–60350 (5th Cir. July 31, 1995) (unpublished).

2. If Long has not complied with Rule 59(c) we do not have appellate jurisdiction because he failed to file a notice of appeal within 30 days of entry of the judgment as required by Fed. R.App.P. 4.

3. See Burt v. Ware, 14 F.3d 256 (5th Cir.1994).

4. Skoczylas v. Federal Bureau of Prisons, 961 F.2d 543, 546 (5th Cir.1992) (internal quotation and citation omitted).

5. Fed.R.App.P. 4(a) 4 ("A notice of appeal filed after announcement or entry of the judgment but before disposition of .. [a motion to alter or amend under Rule 59] is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the date of the entry of the order disposing of the last such motion outstanding."). See also Burt.

6. McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir.1988).

tion.[7] The district court dismissed the action at bar without prejudice. Because of the operation of the statute of limitations, however, the dismissal operates as a dismissal with prejudice.[8] A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action.[9] The record contains no indication that Long failed to comply with the court order to secure a delay or out of contumaciousness. Nor does the record reflect that the district court employed lesser sanctions before dismissing the action. We therefore must conclude that the district court abused its discretion in dismissing the cause.

The judgment of the district court is VACATED and the matter is REMANDED for further proceedings consistent herewith.

**7.** *Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188 (5th Cir.1992).

**8.** *Id.*

**9.** *Burden v. Yates,* 644 F.2d 503 (5th Cir.1981).