IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60450
Cons. w/ No. 96-60452
Summary Calendar
_____


TRACY A. HANSEN,

                                        Plaintiff-Appellant,

versus

OFFICER WILLIAMS; GEANIE COLE;
J.J. STREETER; ROGER COOK;
EDWARD HARGETT; EDDIE LUCAS,

                                        Defendants-Appellees.


                    ***********************

TRACY A. HANSEN,

                                        Plaintiff-Appellant,

versus

DONALD MOORE; JERRY BARBER;
OFFICER JOHN HAYWOOD;
EDWARD HARGETT; EDDIE LUCAS,

                                        Defendants-Appellees.


        _____

        Appeal from the United States District Court for the
                  Northern District of Mississippi
        _____

                       December 4, 1996
        Before GARWOOD, JOLLY and DENNIS, Circuit Judges.*

_____

*       Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except

GARWOOD, Circuit Judge:

Plaintiff-appellant Tracy Hansen (Hansen), an inmate at the Mississippi State Penitentiary in Parchman, Mississippi, proceeding *pro se*, brought these two separate civil rights suits in the district court below against various prison officers and a fellow inmate. A magistrate judge ordered that Hansen's suits be stayed, and required Hansen to make a good faith effort to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e. Because the prison's Administrative Remedy Program allows a prisoner to process only one claim at a time, Hansen was unable to process his cases. Despite Hansen's efforts, the district court ordered that the cases be dismissed. Hansen appeals in each case. We have *sua sponte* consolidated these cases for appellate disposition only. We now vacate and remand in each case.

## Facts and Proceedings Below

Hansen filed a civil suit in the district court below on April 7, 1994, claiming that various prison officers violated his civil rights under 42 U.S.C. § 1983 (*Hansen v. Moore*; our No. 96-60452). Hansen alleges that on March 25, 1994, while returning to his cell after completing outdoor recreation, Officers Jerry Barber and John Haywood physically assaulted him. Hansen claims that Sergeant John Moore refused to investigate the alleged assault, and that all three prison officers threatened Hansen with future assaults if he

_____

under the limited circumstances set forth in Local Rule 47.5.4.

2

attempted to go to the inmate hospital. Hansen also alleges that Superintendent Edward Hargett and Commissioner Eddie Lucas failed to carry out their administrative responsibilities by showing deliberate indifference and willful neglect when Hansen complained of the March 25 assault and prior assaults.

On June 6, 1994, Hansen filed in the district court below (in the same division as the April 7 suit) another section 1983 suit against other officers of the same prison and an inmate, Geanie Cole (*Hansen v. Williams;* our No. 96-60450). Hansen complains that the officers named as defendants in his suit failed to protect him from attacks by Cole and other inmates. Hansen also asserts that he had attempted to use the prison's Administrative Remedy Program (Program) to resolve his claim, but that the prison administrators process only one inmate grievance at a time and that the procedure takes several months.

On November 4, 1994, a magistrate judge entered identical orders in each suit, directing that, pursuant to 42 U.S.C. § 1997e(a)(1), the case be stayed for 90 days and that during the 90-day period, Hansen make a good faith attempt to exhaust the available administrative remedies found in the Program. Moreover, the orders each provided that Hansen file, within 150 days, a certificate from the Program stating that he had exhausted his administrative remedies or a statement that he had attempted to obtain such a certificate but had not been furnished with one.

3

Each order further provided that failure to file a certificate or a statement within 150 days would result in dismissal of the case with prejudice.

Soon thereafter, Hansen claims to have begun taking steps towards complying with the orders. On November 8, 1994, he allegedly wrote the director of the Program notifying the director of the magistrate judge's orders and requesting the director––as the cases could not be processed––to issue a certificate indicating that he had exhausted his administrative remedies. Hansen sent a follow-up letter to the director on December 19, 1994, asking for a status update on his cases. A Program administrator responded on January 6, 1995, informing Hansen that only one request could be processed through the Program at a time, and because he had other grievances pending in the Program, the administrator would not entertain either of the two cases.

On March 6, 1995, Hansen filed a motion to lift the 90-day stay in the second filed of his two cases, *Hansen v. Williams*. In the motion, Hansen described his correspondence with the Program administrator and stated that, despite his good faith efforts, he was having difficulties obtaining administrative relief in both cases. The magistrate judge denied the motion on March 8, 1995.

Nothing further transpired in either case until on May 31, 1995, the district court, *sua sponte*, and without prior notice to Hansen, entered orders in each case finding that Hansen had failed

4

to comply with the magistrate judge's order and dismissed each case without prejudice for failure to comply with an order of the court and for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). Hansen timely appeals in each case.[1]

### Discussion

A district court may *sua sponte* dismiss an action for failure to comply with a court order.  *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996).  A *sua sponte* dismissal by the district court pursuant to Fed. R. Civ. P. 41(b) will normally be upheld on appeal unless the court determines that the district court abused its discretion.  *Long*, 77 F.3d at 879.

Although section 1983 does not impose any general exhaustion requirement upon litigants, under 42 U.S.C. § 1997e of the Civil Rights of Institutionalized Persons Act, district courts have discretion to require an inmate to exhaust prison administrative remedies prior to having his case heard in federal court.[2]  *Rocky*

---

[1]     Hansen filed timely motions for reconsideration in each case on June 8, 1995.  He filed his notice of appeal in each on June 25, 1995.  The district court denied the motions in each case on July 8, 1996.  Hansen did not file a new notice of appeal in either case.  The notices of appeal became effective on the denial of the motions for reconsideration.  Fed. R. App. P. 4(a)(4).

[2]     On April 26, 1996, the Prison Litigation Reform Act of 1995 (Act) became law.  *See* Pub. L. No. 104-134, 110 Stat. 1321 (1996).  Section 803(d) of the Act amended 42 U.S.C. § 1997e(a) to now read:

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other

5

*v. Vittorie*, 813 F.2d 734, 736 (5th Cir. 1987).   Section 1997e provides district courts with the power to dismiss suits, following a section 1997e continuance, if a prisoner fails to pursue his administrative remedies in good faith.   *Id.; see also Marsh v. Jones*, 53 F.3d 707, 710 n.7 (5th Cir. 1995).

The record tends to show that, at the very least, Hansen has attempted to comply with the magistrate judge's order.  In addition to attempting to process his cases with the Program, Hansen wrote two letters to the director of the Program fully informing the director of the order's exhaustion requirements and expressing his (Hansen's) desire to satisfy those requirements.  Moreover, in his motion to lift the 90-day stay, Hansen stated that he had made an effort to resolve his cases through the Program, but that he was unable to do so because of the Program's prohibition on accepting more than one claim at a time from the same prisoner.[3]  Hansen repeated this information in his Fed. R. Civ. P. 59(e) motion to

---

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a).   On remand, the district court should consider to what extent, if any, the Act affects Hansen's cases.

[3]   We note that Hansen filed this motion only in his suit against Officer Williams et al.   However, because the motion discusses Hansen's efforts to comply with the order with regards to *both* cases, we believe that Hansen's failure to file a motion in his suit against Moore et al. is not necessarily controlling under the present facts.   The suits were in the same division and identical orders in each were entered by the same magistrate judge and district judge.

alter or amend the judgment.

In dismissing Hansen's cases without prejudice, however, the district court apparently did not take into consideration any of Hansen's efforts to comply with the order. In its May 31, 1995 opinion and final judgment, the court made no mention of Hansen's motion to lift the 90 day stay or any of Hansen's efforts described in the motion. Likewise, in its order rejecting Hansen's Fed. R. Civ. P. 59(e) motion, the court summarily denied the motion without offering any explanation for its decision.

For the above reasons, we conclude that the district court erred in dismissing Hansen's civil suits without addressing or apparently considering whether he had reasonably and in good faith complied with the order. The record indicates that, at minimum, Hansen had taken some steps towards fulfilling the order's requirements. On remand, the district court should consider the evidence which Hansen claims supports his contention that he made a good faith attempt to comply with the order, and in particular, those efforts mentioned in his motion to lift the 90-day stay.

## Conclusion

The district court's orders dismissing Hansen's civil cases are each VACATED and each cause is REMANDED.

7