IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41132
Summary Calendar
_____

RAYMOND PETER GODAIRE,

Plaintiff-Appellant,

versus

ADJETEY LOMO,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-96-CV-475
- - - - - - - - - -
June 24, 1998

Before DUHE', DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Raymond Peter Godaire (TDCJ # 613522) appeals the district court's dismissal of his civil rights complaint pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. He argues that he was unable to comply with the magistrate judge's order to answer interrogatories because his legal materials were destroyed.

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any court order. Fed.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

R. Civ. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). However, because reprosecution of some of Godaire's claims would be barred by the relevant statute of limitations, the scope of the district court's discretion to dismiss the complaint is narrow. See Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1190-91 (5th Cir. 1992). Such a dismissal "is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." Long v. Simmons, 77 F.3d 878, 880 (5th Cir. 1996).

Although the magistrate judge warned Godaire that failure to answer the interrogatories might result in dismissal of the complaint, the record does not reflect that the district court employed lesser sanctions before dismissing the action. Further, although Godaire's justification for not answering the interrogatories was perhaps a poor one, there is no indication that Godaire's failure to comply with the magistrate judge's order was to secure a delay or out of contumaciousness. Thus, the district court's dismissal for failure to prosecute was an abuse of discretion. Insofar as the court also dismissed the complaint on the rationale that it was frivolous, the record is not sufficiently developed to affirm based on that alternative ground. See Eason v. Thaler, 14 F.3d 8, 9-10 (5th Cir. 1994).

VACATED AND REMANDED.