**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-60857
_____

MELVIN LOUIS HOLESOME,

Plaintiff-Appellant,

VERSUS

PONTOTOC COUNTY JAIL, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(3:94-CV-16-B)
_____

July 15, 1999

Before POLITZ, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

The district court dismissed Melvin Louis Holesome's ("Holesome") 42 U.S.C. § 1983 claim for Holesome's alleged failure to prosecute. Because we find this dismissal premature, we vacate the district court's order of dismissal and remand the case for further proceedings.

I.

Holesome filed a _pro se_ civil rights complaint against the Pontotoc County Jail ("Pontotoc") alleging that his constitutional rights were violated when he was assaulted by another inmate and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was denied medical treatment until the following day. [2].[3]

The district court certified that Holesome could proceed with his suit *in forma pauperis* ("IFP"). The court granted Holesome permission to file an amended complaint naming Sheriff Randy Roberts, Deputy Wayne Tutor, Deputy Steve Young, Deputy Jimmy Hipp, and Deputy Purvis[4] as defendants. Holesome later settled with Tutor and Young for $500 and dismissed his lawsuit against them.

Holesome submitted his witness list to the district court which included several inmates. In this witness list, Holesome stated that he would be unable to pay for the witnesses' court appearance costs and requested the district court's guidance. In response to Holesome's request for issuance of writs of habeas corpus ad testificandum for himself and his witnesses, the district court ordered that Holesome advance the U.S. Marshall's costs for transporting him and his witnesses in the amount of $442.36. In the order, the district court warned Holesome that failure to pay these costs would result in the dismissal of his suit for failure to prosecute.

Holesome responded to the district court's order stating that he was indigent and had been granted in forma pauperis status. He requested that the judge stay the trial date pending an interlocutory appeal on the issue. The district court maintained

---

[2] Holesome was allegedly knocked from his upper bunk bed by a prisoner with a history of mental problems. As a result of the fall, Holesome suffered a laceration that required sutures.

[4] Purvis was never served with a summons and complaint. Therefore, pursuant to Fed. R. Civ. P. 4(m), Holesome has abandoned his claim against Purvis.

2

the trial date and when Holesome was not present when the case was called for trial, the district court dismissed the suit with prejudice.

## II.

Under the circumstances of this case, the district court did not abuse its discretion in requiring Holesome to advance the costs for guards to transport him and his fellow prisoner witnesses to trial as a condition to issuance of the writ. Holesome partially settled his case against some of the defendants for a sum that was sufficient to cover these costs. He made no satisfactory explanation for disposing of these funds rather than using them to finance his litigation against the remaining defendants.

We conclude, however, that the district court abused its discretion in dismissing this suit.

"A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." Long v. Simmons, 77 F.3d 878, 880 (5th Cir. 1996). Contumacious conduct has been described as the "'stubborn resistance to authority.'" McNeal v. Papasan, 842 F.2d 787, 792 (5th Cir. 1988)(citation omitted).

On remand, the district court should give Holesome a reasonable time to comply with the court's order to advance the transportation costs. If Holesome is unable to comply with the order within a reasonable time, the district court should consider other options that may avoid dismissal. In addition to other relevant factors, the court should consider whether Holesome and his prisoner witnesses are needed in court for the prosecution of

3

the case and whether the suit can be stayed until Holesome is released.  See Ballard v. Spradley, 557 F.2d 476 (5th Cir. 1977).

For the reasons stated above, the district court's order of dismissal is vacated and the case is remanded for further proceedings consistent with this opinion.

VACATED and REMANDED.