IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40205
Summary Calendar
_____

RONALD D. WILSON,

Plaintiff-Appellant,

versus

STATE OF TEXAS; TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION; T. WEST, Warden;
C. S. STAPLES, Assistant Warden; JOHN YOUNG;
JOHN PORTER, Lieutenant; JOHN COLLINS, Sergeant;
T. PORTER; GEORGE EDWARDS; JOHN DOE, III, also
known as Fast Black; UNKNOWN PERSON LOCKETT;
JOSEPH TURANO, Captain; VENETRIA HATCHETT,
Lieutenant; JOHN DELGADO; JACK MANGRUM, Building
Captain; CARL PLOCK, Agent for Internal Affairs
Division; CHRISTOPHER NWENE, Building Captain;
DANNY DENMON, Prison Guard; RODNEY GRAVES; ROBERT
ASHWORTH, Prison Guard; STEPHEN DAVIS, Lieutenant;
JAMES SUTTON, Sergeant,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:95-CV-999
--------------------

August 20, 1999

Before SMITH, BARKSDALE, and WIENER, Circuit Judges.

PER CURIAM:*

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Ronald D. Wilson, Texas prisoner # 340757, appeals the district court's dismissal of his civil rights complaint pursuant to FED. R. CIV. P. 41(b) for failure to comply with a court order. He argues that the magistrate judge's request for a ten-page statement of his constitutional claims was unnecessary because the case had already been set for trial.

A district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). However, because reprosecution of some of Wilson's claims would be barred by the relevant statute of limitations, the scope of the district court's discretion to dismiss the complaint is narrow. See Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1190-91 (5th Cir. 1992). Such a dismissal "is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." Long v. Simmons, 77 F.3d 878, 880 (5th Cir. 1996).

Wilson's appeal is without arguable merit and should be dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The magistrate judge properly ordered Wilson to file a more definite statement, and Wilson had been warned that failure to comply could result in sanctions. Given Wilson's past ability to file numerous statements and motions, his failure to

file the statement can be taken as contumaciousness or an attempt to secure a delay.

This dismissal of a frivolous appeal constitutes one strike against him for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  If two other district court actions or appeals filed by Wilson are dismissed as frivolous, he will be barred from bringing a civil action or appeal as a prisoner proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury.  See § 1915(g). Wilson should review any pending appeals to ensure that they do not raise frivolous issues.

Wilson is also warned that the language used throughout his appellate briefs, which is highly abusive of the federal court and its officials, will invite the imposition of sanctions.  To avoid sanctions, Wilson should review his pleadings to ensure that they do not contain language that is abusive.

Wilson has also filed a motion for leave to file an out-of-time reply brief.  This motion is DENIED.

APPEAL DISMISSED AS FRIVOLOUS.  5TH CIR. R. 42.2.  SANCTION WARNING ISSUED UNDER 28 U.S.C. § 1915(g).  MOTION FOR LEAVE TO FILE REPLY BRIEF OUT-OF-TIME DENIED.