IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30795
Summary Calendar
_____


EVELYN FRANK,

                              Plaintiff-Appellant,

versus

KENNETH APFEL, COMMISSIONER OF SOCIAL SECURITY,

                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-3038-LLM
--------------------
December 27, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Evelyn Frank appeals the district court's dismissal without prejudice of her complaint challenging the Social Security Commissioner's denial of her application for disability benefits. The dismissal was based upon Frank's attorney's failure to file a memorandum of law and facts as ordered by the district court.

    Because the refiling of the complaint would not be within the time limits for seeking judicial review of the Commissioner's denial of benefits, see 42 U.S.C. § 405(g), we construe the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's dismissal as one with prejudice. See Long v. Simmons, 77 F.3d 878, 879-80 (5th Cir. 1996).

A Fed. R. Civ. P. 41(b) dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct by the plaintiff and the district court employed lesser sanctions before dismissing the action. Id. at 880. Our review of the record reveals that Frank's attorney neglected to file the memorandum but that his conduct was not intentional and did not amount to contumacious behavior. Furthermore, the claimant herself appears to an innocent party to her attorney's conduct. Frank's attorney's failure to comply with one order of the district court does not constitute grounds to dismiss Frank's complaint with prejudice. See Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 n.6 (5th Cir. 1992); McGowan v. Faulkner Concrete Pipe Co., 659 F.2d 554, 557 (5th Cir. 1981).

The district court's dismissal is VACATED, and this case is REMANDED for further proceedings.