UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41392
Summary Calendar
_____

GERALD ALLEN PERRY,

Plaintiff-Appellant,

versus

D SANDERS, Former Head Warden at Barry
Teleford Unit; NICKIE CURRY, Mailroom
Supervisor at Telford Unit; KELLIE LANGLEY,
Law Library Supervisor at Telford Unit; RICHARD
SODERLING, Security Officer in Law Library at
Telford Unit; LONA HOPKINS, Security Officer at Law
Library at Telford Unit,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(00-CV-291)
_____

December 23, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

        Gerald Allen Perry, a Texas prisoner (# 644896), appeals from the district court's

dismissal of his pro se civil rights complaint for failure to obey a court order that he prove exhaustion

of remedies. Because the court's dismissal was effectively with prejudice, we vacate and remand for

further consideration.

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Perry alleged that the defendant prison officials had "censored" his outgoing legal mail to this court in his appeal of a prior 42 U.S.C. § 1983 action, No. 98-20321. He asserted that, on or about March 19, 1999, they removed a "Motion to Amend Judgment" from an envelope and thus prevented the pleading from reaching the Fifth Circuit. Perry sought monetary damages.

Within days after he filed his complaint, Perry submitted a document titled "Grievances Showing Exhaustion of Administrative Remedies." He attached copies of Step 1 and Step 2 grievances, which both appear to concern the March 19, 1999, incident addressed in Perry's complaint. The Step 1 grievance, filed on October 17, 1999, was returned because "[g]rievable time has expired" and because of "[s]ubmission in excess of 1 every 7 days." The copy of the Step 2 grievance shows no response by prison officials.

After certain procedural skirmishing, the magistrate judge issued an order stating that Perry, in conjunction with his complaint, had failed to provide proof that he had exhausted administrative remedies. The magistrate judge noted that Perry had attached a copy of a "Step 2" grievance form to his complaint but no response by prison officials to the grievance. The magistrate judge thus ordered Perry, within 20 days, to "submit documentation showing that he has exhausted his remedies."

In objections, Perry asserted that he had already provided proof of exhaustion by submitting copies of both Step 1 and Step 2 grievances. He stated that prison officials had denied him access to the grievance procedure by refusing to respond to the Step 2 grievance. In a supplemental response, Perry asserted that officials had ignored both Step 1 and Step 2 grievances. He also submitted copies of additional grievances that were apparently unrelated to the March 19, 1999, incident.

The magistrate judge issued a report recommending that Perry's complaint be dismissed for failure to comply with an order of the court, pursuant to FED. R. CIV. P. 41(b), because he had attached "unrelated" Step 1 and Step 2 grievances but had neither provided the requested documents nor shown good cause for such failure. The magistrate judge noted that Perry

"complained of the prison system's grievance procedures" but the magistrate judge did not address those complaints.

In objections, Perry argued that he had shown good cause for failing to comply with the magistrate judge's order because prison officials had denied him access to the grievance procedure by refusing to process his grievances. He stated that the "magistrate has not mentioned the Step 1 grievance that plaintiff has filed along with the Step 2 she acknowledge[d] receiving."

The district court concluded that Perry's objections were without merit, adopted the magistrate judge's findings and conclusions, and dismissed Perry's complaint without prejudice.

Perry contends that the district court erred in dismissing his complaint for failure to comply with a court order, in that it failed to construe his pro se pleadings liberally and failed to consider the motions to amend his complaint he filed before the defendants filed answers. He continues to maintain that he was unable to exhaust administrative remedies because prison officials would not process his grievances.

The defendants have filed a letter brief in which they contend that Perry's complaint "was correctly dismissed for failing to prove exhaustion pursuant to 42 U.S.C. § 1997e."

A district court may sua sponte dismiss an action for failure of a plaintiff to prosecute or to comply with any court order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). This court ordinarily reviews a sua sponte dismissal by the district court pursuant to Rule 41(b) for abuse of discretion. McNeal v. Papasan, 842 F.2d 787, 789-90 (5th Cir. 1988). However, the scope of the district court's discretion is narrow when the Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar reprosecution of a suit dismissed without prejudice under Rule 41(b). See id.; Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1190-91 (5th Cir. 1992) (dismissal for failure to prosecute). When a Rule 41(b) dismissal is with prejudice or has that effect, such dismissal "is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." Long v. Simmons, 77 F.3d 878, 879-80 (5th Cir.

1996). The dismissal without prejudice in Perry's case is tantamount to a dismissal with prejudice, because a new § 1983 complaint by Perry would be barred by the applicable two-year Texas statute of limitations for personal injury actions. See id. at 880; Flores v. Cameron County, Tex., 92 F.3d 258, 271 (5th Cir. 1996).

As discussed above, Perry had submitted copies of grievances relating to the March 19, 1999, incident before the magistrate judge had even directed him to file such materials. Perry pointed this out both to the magistrate judge and district court after the former ordered him to submit the grievances. Nonetheless, it is true that Perry did not submit "documentation showing that he ha[d] exhausted his remedies, including the response provided at the Step 2 level," as directed by the magistrate judge.

Insofar as the dismissal was effectively "with prejudice," nothing in the record clearly reflects that Perry acted with "purposeful delay or contumaciousness." See Long, 77 F.3d at 879-80. In response to the magistrate judge's order, Perry stated that he could not file a copy of the Step 2 grievance response for the reason that prison officials had not provided him with one. He did not, however, suggest that he attempted to obtain proof of non-action or OF any express or implied denial of his Step 2 grievance. The magistrate judge determined that Perry had not shown "good cause" for this failure but did not specifically address Perry's assertions about why he had not done so. Moreover, the district court did not employ or even address "lesser sanctions" before dismissing the case. See Long, 77 F.3d at 880.

In an abundance of caution, we vacate and remand this case to the district court so that it can consider whether Perry should have the opportunity to prove that the prison has determined his step 2 grievance (which the PLRA requires), coupled, perhaps, with some lesser sanction for his previous noncompliance. If Perry continues to refuse to provide further information, relative to exhaustion, then dismissal will be warranted.[1]

---

[1]We note that the letter brief from the Attorney General appears to misunderstand that Perry filed proof of his grievances with the district court, but there was no proof of a disposition on the Step 2 grievance, a matter that the Attorney General's office may be in a position to clarify.

The district court's judgment of dismissal is **VACATED** and **REMANDED** for reconsideration in accordance herewith.

**VACATED** and **REMANDED**.