IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30438
Summary Calendar
_____

VINCENT MARK CASTILLO,

Plaintiff-Appellant,

versus

CHARLES R. WRIGHT, Captain, Forcht Wade Correctional Center;
CHRISTOPHER HALL, Lieutenant, Forcht Wade Correctional
Center; ALFRED CARTER, Sergeant, Forcht Wade Correctional
Center; TOMMY WILLINGER; UNKNOWN CARTER; UNKNOWN DAWSON;
UNKNOWN PITTS; UNKNOWN MCBRIDE; UNKNOWN RAY; UNKNOWN BATSON;
JANE DOE #1; JANE DOE #2; FORCHT WADE CORRECTIONAL CENTER;
STATE OF LOUISIANA; MIKE FOSTER; LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS; RICHARD L. STALDER; ELAYN HUNT
CORRECTIONAL CENTER; UNKNOWN LEGER; C. M. LENSING; JOHN DOE #1;
UNKNOWN MALINA; JOHN DOE #2; JOHN DOE #3; UNKNOWN SNOWTEN;
UNKNOWN NORTH; JOHN DOE #4; JOHN DOE #5; JOHNATHAN WIGGER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 02-CV-155-C-M2
--------------------
January 7, 2003

Before JOLLY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:*

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Vincent Mark Castillo filed a 42 U.S.C. § 1983 complaint alleging various constitutional violations arising from acts or omissions which took place while he was incarcerated in various Louisiana correctional facilities. The district court dismissed Castillo's complaint for failure to comply with a court order.

We review such a dismissal for an abuse of discretion. Long v. Simmons, 77 F.3d 878, 879 (5th Cir. 1996). The district court dismissed Castillo's complaint without prejudice. However, because of the operation of the statute of limitations, the dismissal operates as a dismissal with prejudice. See Owens v. Okure, 488 U.S. 235, 249-50 (1989); Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998).

"A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." Long, 77 F.3d at 880. Because the record contains no indication that Castillo failed to comply in an effort to delay or out of contumaciousness, the district court abused its discretion in dismissing the complaint. See id. The district court's order dismissing Castillo's complaint for failure to comply with a court order is vacated and the case is remanded.

VACATE AND REMAND.