United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41061
Summary Calendar

_____

DAVID LAUER,

Plaintiff-Appellant,

versus

DIRECTOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL
DIVISION; BARRY TELFORD UNIT; UNKNOWN STEPHENS, Warden;
UNKNOWN HUDSON, Warden; UNKNOWN RODEEN, Warden; UNKNOWN ODEM,
Captain; UNKNOWN MILES, Lieutenant; UNKNOWN WISNER, Lieutenant;
TIA RANGE Lieutenant; UNKNOWN COLEMAN, Sergeant; UNKNOWN
DELEVAN, Mail personnel; UNKNOWN SHARP, Mail personnel;
UNKNOWN YBARRA, mail personnel; UNKNOWN RAYBURN, Mail
personnel; UNKNOWN CURRIE, mail room,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:02-CV-243
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Lauer, Texas prisoner # 1069082, appeals the dismissal

of his 42 U.S.C. § 1983 suit pursuant to FED. R. CIV. P. 41(b) for

failure to comply with a court order requiring him to submit

documentation verifying that he had exhausted his administrative

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

remedies.  Although the district court dismissed Lauer's complaint without prejudice, Lauer would be barred by the limitations period from returning to federal court to challenge certain of the actions alleged in his complaint; therefore, the dismissal operated as a dismissal in part with prejudice and was appropriate only if Lauer's failure to comply with the court's order was the result of purposeful delay or contumacious conduct and the district court employed lesser sanctions before dismissal.  See Long v. Simmons, 77 F.3d 878, 879-80 (5th Cir. 1996).  The record does not support such a determination, and we therefore hold that the Rule 41(b) dismissal was an abuse of discretion and VACATE the judgment of dismissal.  See id. at 880.

Lauer has alleged that the defendants are in possession of documents evidencing the exhaustion of his administrative remedies and, further, that certain of his grievances were not acted upon within the time provided the state for responding. We therefore REMAND for a finding whether Lauer exhausted his administrative remedies.  See Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999).

VACATED AND REMANDED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.