United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40297
Summary Calendar

_____

CHARLES CLAY WARNER, JR.,

                              Plaintiff-Appellant,

versus

ZELDA G. GLASS, Individual Capacity; DIRK GRAY,
Individual Capacity; FRANK WARNER, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION COMPANY
DEPARTMENTS,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:03-CV-15
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

     Charles Clay Warner, Jr., Texas state prisoner #502362,
appeals the district court's dismissal without prejudice of his
42 U.S.C. § 1983 complaint for failure to pay the partial filing
fee assessed by the magistrate judge.  Warner argues that the
district court abused its discretion in dismissing the complaint
because the prison custodian of his trust account failed to
perform its obligation to make the payment.  He further argues

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court did not give him an adequate opportunity to comply with the requirement.

Although the district court dismissed Warner's suit without prejudice, he is effectively barred from refiling by the two-year statute of limitations.  See Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989).

The record does not show that Warner's failure was the result of contumacious behavior or an attempt to delay the proceedings.  See McNeal v. Papsan, 842 F.2d 787, 790-92 (5th Cir. 1988).  The record also does not show that the court considered lesser sanctions before dismissing Warner's lawsuit. See Long v. Simmons, 77 F.3d 878, 880 (5th Cir. 1996).

The judgment of the district court dismissing Warner's complaint is VACATED, and the case is REMANDED for further proceedings.  Warner is cautioned that this opinion does not excuse him from compliance with the orders issued by the district court if the court elects to reinstate those orders upon remand. Warner is further cautioned that a failure to comply with the district court's orders in the future may result in dismissal of his lawsuit.

VACATED AND REMANDED.