United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10990
Summary Calendar
_____

LINDA HACK,

Plaintiff-Appellant,

versus

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; FORT WORTH REGION –
HOUSING AND URBAN DEVELOPMENT; FORT WORTH OFFICE OF FAIR HOUSING
AND EQUAL OPPORTUNITY; DALLAS COUNTY COMMISSIONERS COURT; TEXAS
DEPARTMENT OF HEALTH AND HUMAN SERVICES - HOUSING DIVISION -
DALLAS; GORDON DUNCAN; ERIK COTTON; EVELYN COTTON; PATSY WEAVER;
PAUL JASIN; NANCY BOURLIER; RON WILLIAMS; MARTA; UNKNOWN OWNER;
LAKEWOOD GARDENS APARTMENTS; HOMELOCATOR FOR MOVE TO LAKEWOOD
GARDENS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-2752
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Linda Hack seeks leave to proceed in forma pauperis (IFP) on
appeal. By moving for IFP, Hack is challenging the district
court's certification that IFP status should not be granted on
appeal because her appeal from the dismissal of her 42 U.S.C.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1983 suit is not taken in good faith. See <u>Baugh v. Taylor</u>, 117 F.3d 197, 202 (5th Cir. 1997).

Hack argues that the district court abused its discretion in dismissing her suit for failure to prosecute. See FED. R. CIV. P. 41(b). The district court's order does not indicate whether the judgment was with or without prejudice; nevertheless, since the order does not indicate that the dismissal is without prejudice, it is deemed an adjudication on the merits. See <u>Callip v. Harris County Child Welfare Dept.</u>, 757 F.2d 1513, 1519 (5th Cir. 1985).

This court has established an exacting standard of review when a Rule 41(b) dismissal is with prejudice. <u>Berry v. CIGNA/RSI-CIGNA</u>, 975 F.2d 1188, 1191 (5th Cir. 1992). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." <u>Long v. Simmons</u>, 77 F.3d 878, 880 (5th Cir. 1996).

There is not a clear record of purposeful delay or contumaciousness on the part of Hack in this case. The magistrate judge ordered Hack to answer a questionnaire within 30 days of its receipt, and within 30 days of its receipt, Hack filed a Motion to Quash the questionnaire, asserting that she did not have the necessary documents to present her case and that she needed the assistance of counsel to answer the questionnaire. She also provided a "summary" of her claim and asked the

magistrate judge to accept that as her answer to the questionnaire.  The magistrate judge did not warn Hack that, if she did not answer the questionnaire, her suit would be dismissed, and the magistrate judge did not consider lesser sanctions before recommending the dismissal of her suit.

Accordingly, the district court's dismissal of Hack's suit with prejudice for failure to prosecute was an abuse of discretion.  See Long, 77 F.3d at 880.  Hack's motion for leave to proceed on appeal IFP is therefore GRANTED.  Because further briefing is not required, the district court's judgment is VACATED and the case is REMANDED for further proceedings.  Hack's motion for appointment of counsel is DENIED as unnecessary.