**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-60536
Summary Calendar

CHARLOTTE V WOODS

Plaintiff-Appellant

v.

SOCIAL SECURITY ADMINISTRATION

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:07-CV-137

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charlotte V. Woods seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal without prejudice of her civil suit involving a social security matter. The district court dismissed her action because she failed to obey its orders that she pay the filing fee and that, after she paid the fee, she effectuate process on the defendants. *See* Fed. R. Civ. P. 4(m) and 41(b).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Woods has shown that she is a pauper for purposes of this appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). We dispense, however, with further briefing and, for the reasons noted below, affirm the district court's judgment.

Dismissals pursuant to Rules 4 and 41 are reviewed for abuse of discretion. *See Long v. Simmons,* 77 F.3d 878, 879 (5th Cir. 1996); *Fournier v. Textron Inc.*, 776 F.2d 532, 534 (5th Cir. 1985). If the effect of a dismissal without prejudice prevents or arguably may prevent the plaintiff from again raising the dismissed claims because of the applicability of a statute of limitations, the dismissal may operate as a dismissal with prejudice. *Long*, 77 F.3d at 880. It appears that the district court's dismissal of Woods's suit operates as a dismissal with prejudice. *See* 42 U.S.C. § 405(g).

We will affirm dismissals with prejudice only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Long,* 77 F.3d at 880. This court has explained that providing the plaintiff with second and third chances to comply with an order counts as a lesser sanction. *See Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985); *see also Husley v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

In this case, Woods twice failed to obey the district court's order to pay the filing fee. Although she is a pro se plaintiff, she concedes that she is well educated, and there is no reason to believe that she did not understand the court's orders or warning that her case would be dismissed if she did not pay the fee. Moreover, four months passed after the district court's last order that Woods pay the filing fee, and Woods filed nothing with the district court. The information available to the district court at the time that it dismissed Woods's action was that she was choosing to go to school instead of pursuing gainful

employment and that she had unencumbered property worth $25,000 (her home) and $17,000 (her car).  Although Woods was given the opportunity to correct any incorrect information in her IFP motions and affidavits and to correct any incorrect assumptions made by the district court with respect to her financial situation, she did not do so.  Accordingly, given the information known to the district court at the time it dismissed her suit, its dismissal was not an abuse of discretion.

AFFIRMED; MOTION GRANTED.