# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 10-11252
Summary Calendar

August 24, 2011

Lyle W. Cayce
Clerk

MARK A. COWART,

Plaintiff-Appellant

v.

DALLAS COUNTY JAIL; JOHN DOE 1-10, SRT Officers,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-1800

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mark A. Cowart appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint for failing to identify the John Doe defendants with enough specificity to enable service of process. While the district court dismissed Cowart's complaint without prejudice, the dismissal is effectively with prejudice due to the two-year statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996); *Cooper v. Brookshire*, 70 F.3d 377, 380 n.20 (5th Cir. 1995).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record does not show that Cowart's failure to identify the John Doe defendants was the result of contumaciousness or an attempt to delay the proceedings. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Further, Cowart was likely entitled to conduct discovery to determine the identities of the unnamed defendants, as "[i]t is conceivable that" readily available documentation would reveal the identities of some of the John Doe defendants. *See Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992). Thus, the judgment of the district court is VACATED and the case is REMANDED to afford Cowart the opportunity to conduct discovery. *See id.*