# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 30, 2011

Lyle W. Cayce
Clerk

No. 10-31097
Summary Calendar

In re:  VIOXX PRODUCTS LIABILITY LITIGATION

---

JAMES D. SCHNELLER, Individually and on behalf of the Estate of George H. Schneller,

Plaintiff-Appellant

v.

MERCK AND COMPANY, INCORPORATED,

Defendant-Appellee

---

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-MD-1657
USDC No. 2:05-CV-5382

---

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

James D. Schneller appeals the district court's dismissal of his complaint as amended brought against the drug manufacturer Merck and Company, Incorporated on behalf of himself individually and on behalf of the estate of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

George H. Schneller; as trustee ad litem for individuals entitled to relief due to the death of Marjorie C. Schneller; and as trustee ad litem for the executrix of the estate of Marjorie C. Schneller.  The district court dismissed the complaint with prejudice on the ground that Schneller failed to comply with the mandates of pretrial order 28 (PTO 28) by not producing a doctor's report linking decedent's injury and death to the use of Vioxx.  Schneller has filed a motion to proceed in forma pauperis (IFP) on appeal, challenging the district court's certification, pursuant to *Baugh v. Taylor*, 117 F.3d 197, 199-202 (5th Cir. 1997), that his appeal was not taken in good faith.

This court reviews the district court's dismissal of Schneller's case for failing to comply with PTO 28 for an abuse of discretion.  *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 340-41 (5th Cir. 2000); *In re Vioxx Products Liab. Litig.*, 388 F. App'x 391, 397 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 1477 (2011); *see* FED R. CIV. P. 16(f)(1)(C).  We will affirm a dismissal with prejudice when there is a clear record of delay or contumacious conduct by the plaintiff and the district court employed lesser sanctions that proved to be futile.  *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Schneller argues that (1) he was deprived of access to the LexisNexis File and Serve service during the district court proceedings; (2) defendants in a Pennsylvania state court proceeding regarding Marjorie Schneller's hospital treatment have conspired against him and sought to evict, impoverish, and retaliate against him; (3) his complaint should not have been dismissed because he raised some claims not requiring expert testimony under Pennsylvania law; (4) he failed to receive notice prior to the approval of the Vioxx Resolution Program; and (5) the district court's repeated deferrals and extensions of time caused a "non-existent appearance of court patience and generosity."

In *In re Vioxx Products Liab. Litig.*, we upheld the district court's adoption of PTO 28, relying on *Acuna*'s holding that "it is within a court's 'discretion to take steps to manage the complex and potentially very burdensome discovery

that the cases would require.'" 388 F. App'x at 397-98 (quoting *Acuna*, 200 F.3d at 340). We affirmed the district court's dismissal of the appellants' claims based on their failure to comply with the requirement of PTO 28 that they each produce a report from a doctor linking the alleged injury to the use of Vioxx. *Id.* at 393, 397-98.

The district court issued PTO 28 on November 9, 2007, and the court did not dismiss Schneller's complaint until September 23, 2010, or almost three years after the issuance of PTO 28. Although Schneller argues that he was prejudiced by his inability to participate in the LexisNexis File and Serve service and that he failed to receive notice prior to the approval of the Vioxx Resolution Program, it is clear from the substance of Schneller's June 30, 2008 motion for an extension of time to file an expert report that Schneller was aware of the expert report requirements of PTO 28 for some time prior to the filing of that motion. Schneller does not dispute that the district court granted numerous extensions of time for him to comply with PTO 28. To the extent that Schneller contends that his complaint should not have been dismissed because he raised some claims not requiring expert testimony under Pennsylvania law, as he concedes, in *In re Vioxx Products Liab. Litig.*, this court rejected the appellants' argument that PTO 28 was improper because expert testimony was not required for claims for negligent infliction of emotional distress under New York law. 388 F. App'x at 398. Although Schneller attempts to distinguish *In re Vioxx Products Liab. Litig.* on the ground that he raised multiple claims not requiring expert testimony under Pennsylvania law, he does not argue that he attempted to withdraw his personal injury claims or make any showing that he had a viable action in the absence of demonstrating some connection between Marjorie Schneller's use of Vioxx and her death.

Because Schneller had almost three years in which to comply with PTO 28, and in light of the multiple extensions of time afforded to him for compliance, the district court did not abuse its discretion in dismissing his complaint with

prejudice based on his failure to comply with PTO 28.  *See Acuna*, 200 F.3d at 340-41; *In re Vioxx Products Liab. Litig.*, 388 F. App'x at 397-98; *Long*, 77 F.3d at 880.

Schneller has not demonstrated that he will raise a nonfrivolous issue on appeal. Accordingly, Schneller's IFP motion is DENIED and his appeal is DISMISSED as frivolous.  *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)

IFP DENIED; APPEAL DISMISSED.