# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2020

Lyle W. Cayce
Clerk

No. 19-30739

Albert A. Grayer,

*Plaintiff—Appellant*,

*versus*

Darrel Vannoy, *Warden*, Louisiana State Penitentiary; Daniel E. Crook, *Doctor*, Louisiana State Prison, *Individually and in their Official Capacity*; Bill Lacoste, *EMT*, Louisiana State Prison, *Individually and in their Official Capacity*; Logan Darbonne, *EMT*, Louisiana State Prison, *Individually and in their Official Capacity*; M. Groom, *Individually and in their Official Capacity*; David Voorhies, *Individually and in their Official Capacity*; Howard Brown, *Individually and in their Official Capacity*; Damon Turner, *Individually and in their Official Capacity*; Johnny Howard, *Individually and in their Official Capacity*; Edward Russ, *Individually and in their Official Capacity*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-199

Before Willett, Ho, and Duncan, *Circuit Judges*.

PER CURIAM:*

Albert A. Grayer, Louisiana prisoner # 389690, moves this court for leave to proceed in forma pauperis (IFP) on appeal. The district court dismissed Grayer's 42 U.S.C. § 1983 complaint based on his failure to pay the initial partial filing fee and his failure to provide the proper documentation in response to a show cause order to establish his inability to pay the fee. The court then denied IFP status on appeal after determining that the appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Before this court, Grayer contends that the district court abused its discretion by dismissing his complaint because he lacked the funds to pay the filing fee and because under 28 U.S.C. § 1915(b)(4) his complaint could not be dismissed based on his financial status.

The district court's dismissal without prejudice of Grayer's complaint for failure to pay the initial partial filing fee operates as a dismissal with prejudice because the limitations period has expired. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). Accordingly, dismissal "is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Id.* A review of the pleadings submitted to this court reflects that although Grayer did not submit the proper documents showing his prison account balances as required by the magistrate judge in the show cause order, he provided the information given to him by prison officials. Thus, the failure to comply does not appear to be "caused by intentional conduct." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (internal quotation marks and citation omitted). Additionally, the IFP motion submitted in conjunction with Grayer's notice of appeal supports his contention that he in fact did not have funds in his

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

prison account to pay the initial partial filing fee. *See* § 1915(b)(4) (stating that a prisoner may not be prohibited from bringing a civil action based on his inability to pay an initial partial filing fee).

Under the circumstances, the district court's dismissal of Grayer's cause of action for failure to comply with court orders constitutes an abuse of discretion. *See Long*, 77 F.3d at 880. As a result, Grayer's motion for leave to proceed IFP on appeal is GRANTED, the district court's judgment dismissing his § 1983 complaint is VACATED, and the case is REMANDED to the district court for further proceedings consistent with this opinion. This opinion does not bar the district court from seeking further information about Grayer's financial status if the initial partial filing fee still is not paid. Grayer's motion for appointment of counsel is DENIED.