Edward Donald McCULLOUGH,
Plaintiff–Appellant,

v.

James A. LYNAUGH, Director, Texas
Department of Corrections, et al.,
Defendants–Appellees.

No. 87–2604
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 20, 1988.

Edward Donald McCullough, pro se.

Anthony J. Nelson, Scott Klippel, Asst. Attys. Gen., Austin, Tex., for defendants-appellees.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

PER CURIAM:

Appellant, Edward McCullough, was serving a sentence in the Texas Department of Corrections (TDC) when he initiated this *pro se* suit claiming violation of his civil rights under 42 U.S.C. § 1983. His suit is against various TDC officials including a warden at his unit, alleging that he sustained debilitating neck and back injuries after being forced to work in unsafe conditions without the proper safety equipment. Appellant also alleged that he was forced to work while injured, that a warden tried to murder him, and that he was deprived of good time credits and placed in solitary confinement based on a fictitious disciplinary case against him. He sought declaratory and monetary relief.

Throughout the next three years, both parties actively litigated the case, filing numerous motions and seeking extensive discovery. In September 1986, a U.S. magistrate recommended that the appellees be granted summary judgment on all claims except that of an improper disciplinary hearing. Appellant then moved for partial summary judgment and also filed objections to the magistrate's findings and recommendations. The district court adopted the magistrate's recommendations on February 27, 1987. The case was set for a status conference on March 31, 1987, and the notification to the parties stated that failure to appear would result in dismissal

without prejudice for want of prosecution. Appellant, who had been released from TDC, failed to appear at the conference, and on the same day the district court dismissed the case without prejudice. Timely notice of appeal was filed.[1]

Appellant contends that the district court abused its discretion in dismissing his claim for failure to prosecute due to the fact that he had been conscientiously litigating his case up to the time of dismissal. He also contends that he did not receive notice of the court's order to appear at the conference. A review of the record does show that he was active in his case at the time of the notice of hearing. Notice of the hearing was filed on March 16. On March 30, the day before the status conference, appellant filed a motion requesting the district court to review the record and enter a final judgment.

■ A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court. Fed.R. Civ.P. 41(b). The court possesses the inherent authority to dismiss the action *sua sponte,* without motion by a defendant. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). The standard of review for a Rule 41(b) dismissal is whether the district court abused its discretion in dismissing the action. *Link,* 370 U.S. at 633, 82 S.Ct. at 1390; *Rogers v. Kroger Co.,* 669 F.2d 317, 320 (5th Cir.1982).

■ The dismissal of appellant's action at this juncture does not constitute an abuse of discretion. Appellant's cause of action accrued during his incarceration. Under Texas law, the statute of limitations does not run while the injured party is incarcerated, as confinement is considered a disability of the plaintiff. Tex.Rev.Civ. Stat.Ann. art. 5535 (Vernon 1968). *See Williams v. Dallas County Commissioners,* 689 F.2d 1212, 1216 (5th Cir.1982), *cert. denied,* 461 U.S. 935, 103 S.Ct. 2102, 77 L.Ed.2d 309 (1983). Although appellant has since been released on parole, there is

no indication that the statute of limitations on his action has run. Further, if the period had indeed run, appellant would have been able to argue that the dismissal, although "without prejudice," actually constituted abuse of discretion since he would have been prevented from filing the suit again. *See Burden v. Yates,* 644 F.2d 503, 505 (5th Cir.1981).

Because the dismissal was without prejudice and the appellees concede no statute of limitation bars the refiling of appellant's claim, appellant has not suffered prejudicial harm resulting from the dismissal. In such circumstances trial courts must be allowed leeway in the difficult task of keeping their dockets moving. Failure to attend a hearing is a critical default.

AFFIRMED.

---

1. McCullough's "motion for reconsideration," filed in the district court, does not reflect service on the defendants and therefore was not a timely Fed.R.Civ.P. 59(e) motion. If it had been it would have nullified his notice of appeal.