IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60422
Conference Calendar
_____


WENDELL A. DUNCAN,

                                    Plaintiff-Appellant,

versus

VICTOR SMITH, PERCY MILES,
SILVESTER HOWARD,

                                    Defendants-Appellees.



- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 95-CV-96-S-O
- - - - - - - - - -

(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

     Wendell A. Duncan appeals the district court's dismissal without prejudice of his civil rights action for failure to prosecute.

     A district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order.  McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).  Such a

---

     [*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

dismissal is reviewed for an abuse of discretion.  Id.  However, the scope of the district court's discretion is narrow when the Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar reprosecution of a suit dismissed without prejudice under Rule 41(b).  Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1190-91 (5th Cir. 1992).  Here, the district court specified that the dismissal was without prejudice.

Because the dismissal by the district court was without prejudice and no statute of limitations bars the refiling of his claim, Duncan has not suffered prejudicial harm resulting from the dismissal.  See McCullough, 835 F.2d at 1127.  "In such circumstances trial courts must be allowed leeway in the difficult task of keeping their dockets moving."  Id.  The dismissal without prejudice of Duncan's complaint does not constitute an abuse of discretion.

AFFIRMED.

Duncan's "Motion to Show the Court How the Lower Courts are Aiding the Defendants" is DENIED.