IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50681
USDC No. 94-CV-261

_____


BOBBY OLUMIDE OSUNLANA,

Plaintiff-Appellant,

versus

KEYS, OFFICER; BOOTH, MAJOR;
AUTHORS, OFFICER; SHARP, OFFICER;
LOVE, DOCTOR,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
- - - - - - - - - -
February 2, 1996

Before KING, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Bobby Olumide Osunlana has filed a motion to proceed in forma pauperis (IFP) on appeal. To prevail, Osunlana must demonstrate that he is a pauper and that he will present a nonfrivolous issue on appeal. See Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982). The district court certified that he is a pauper.

Osunlana challenges the district court's dismissal of his

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

suit pursuant to Fed. R. Civ. P. 41(b).  A district court may <u>sua</u> <u>sponte</u> dismiss an action for failure to comply with any court order.  Fed. R. Civ. P. 41(b); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988).  A <u>sua</u> <u>sponte</u> dismissal by the district court is reviewed for abuse of discretion.  <u>Id</u>.  Such a dismissal is an extreme sanction which operates as an adjudication on the merits, and "is to be used only when the plaintiff's conduct has threatened the integrity of the judicial process [such that] the court has no choice but to deny that plaintiff its benefits."  <u>McNeal v. Papasan</u>, 842 F.2d 787, 790 (5th Cir. 1988)(internal quotation and citation omitted).  Dismissal with prejudice is the ultimate sanction for a litigant and should be imposed only after full consideration of the likely effectiveness of less-stringent measures.  <u>Hornbuckle v. Arco Oil and Gas Co.</u>, 732 F.2d 1233, 1237 (5th Cir. 1984).

A Rule 41(b) dismissal with prejudice will be affirmed if the "case discloses both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice."  <u>McNeal</u>, 842 F.2d at 790.  Contumacious conduct is "the stubborn resistance to authority" and justifies a dismissal with prejudice.  <u>Id</u>. at 792.

The record does not disclose a clear record of delay or contumacious conduct by Osunlana.  He responded timely to the first order for a more definite statement to questions that required for the most part "yes" or "no" type responses.  That he did not include a certificate of service on opposing counsel in

compliance with a local rule of the Western District does not constitute contumacious conduct given that he is a pro se prisoner. Osunlana also responded timely to the court's second admonition about filing a more definite statement. That he did so on legal-sized paper does not constitute contumacious conduct. Moreover, the court did not consider a less drastic sanction.

Accordingly, the district court abused its discretion when it dismissed Osunlana's suit under Rule 41(b) and Osunlana raises a nonfrivolous issue for appeal. His motion for IFP is GRANTED. Osunlana's motion for a temporary restraining order is DENIED. The order of the district court dismissing the suit is REVERSED and the case is REMANDED.