IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60204
Summary Calendar
_____

BOBBY J. PINKNEY,

Plaintiff-Appellant,

versus

MALCOLM E. MCMILLAN,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:95-CV-40-B-A
- - - - - - - - - -
July 17, 1996

Before SMITH, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bobby J. Pinkney, a Mississippi state prisoner, filed this civil rights action against the Sheriff and Board of Supervisors of the county in which he was convicted, Governor Kirk Fordice, Eddie Lucas, former interim Commissioner of the Mississippi Department of Corrections (MDOC), Edward Hargett, former MDOC superintendent, and MDOC. Pinkney alleged numerous constitutional violations arising out of the conditions of his confinement at the state penal institution in Parchman, Mississippi, and

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

requested both injunctive and monetary relief. This appeal raises the question of whether the district court abused its discretion in dismissing Pinkney's complaint for failing to comply with the court's order to exhaust administrative remedies.

The district court in the Southern District of Mississippi dismissed the Sheriff and Board of Supervisors because they no longer had control over the conditions of Pinkney's confinement and sua sponte transferred the complaint to the Northern District of Mississippi, where Parchman is located.

A magistrate judge for the Northern District issued a 90-day stay order, ordering Pinkney to make a good faith attempt to exhaust the available administrative remedies. The magistrate judge ordered Pinkney to file a certificate from the Administrative Remedy Program (ARP) that he had exhausted his administrative remedies within 90 days after the date of the order or to file a statement that he had attempted to obtain the certificate but had not been furnished with one within 150 days of the date of the order. The order warned Pinkney that if he did not reasonably and in good faith attempt to exhaust his administrative remedies, his complaint would be dismissed with prejudice.

Pinkney submitted a request to the ARP, in which he requested an administrative remedy for all of the issues listed in his federal complaint. Pinkney's request was denied because he had requested a remedy for more than one incident in a single complaint.

Approximately 75 days after the issuance of the stay order, Pinkney submitted to the court his request for an administrative

remedy, the denial of that request, and a sworn statement in which he outlined the actions that he had taken. Pinkney stated that he took no further action after his request was denied because it would be "meaningless." Pinkney construed the "one issue, one complaint" rule to limit him to one request in the program at a time; thus, he could not file a second request until his first request had been resolved. Pinkney argued, then, that it would take "years" to grieve all of his complaints because it allegedly takes 90 days for a single complaint to be decided. Pinkney asked the court to consider that he had complied with the court's stay order so that his case could proceed or advise him on how to pursue the case.

Over three months later, the district court issued an order dismissing Pinkney's complaint without prejudice for failure to exhaust his administrative remedies because Pinkney had failed to comply with the court's order. Pinkney timely appealed.

Pinkney contends that he made a good-faith effort to exhaust his remedies, that he complied with the stay order by submitting a statement detailing the steps that he had taken, and that he sought help from the district court as to how to proceed with his case.

A district court may <u>sua sponte</u> dismiss an action for failure to prosecute or to comply with any court order.  Fed. R. Civ. P. 41(b); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988).  A <u>sua sponte</u> dismissal by the district court pursuant to Rule 41(b) must be upheld on appeal unless the court determines that the district court abused its discretion in choosing that sanction.  <u>Id.</u>

Although there is no general exhaustion requirement for § 1983 cases, Congress created a limited exhaustion requirement for adult prisoners bringing actions pursuant to § 1983 in the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1997e.  Patsy v. Board of Regents of State of Florida, 457 U.S. 496, 507-08 (1982).  If the court orders exhaustion of administrative remedies, then § 1997e provides that the court may continue the case for a period "not to exceed ninety days" to require exhaustion.  Rocky v. Vittorie, 813 F.2d 734, 736 (5th Cir. 1987).  A district court may dismiss a suit under § 1997e after determining that the prisoner failed to make a good faith attempt to exhaust his administrative remedies.  Marsh v. Jones, 53 F.3d 707, 710 n.7 (5th Cir. 1995).

The stay order advised Pinkney that he could comply with the order either by filing a certificate showing that he had exhausted his administrative remedies or by filing a statement that he had attempted, in good faith, to obtain the certificate but had been unable. Pinkney timely submitted a statement to the court detailing his good faith effort to secure the certificate and requesting that the court lift the stay or further advise him how to proceed. Pinkney's submission complied with the order, therefore, the district court's dismissal of the complaint without explanation was an abuse of discretion.

Accordingly, we VACATE and REMAND.