**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-50961
Summary Calendar

KENNETH W. HICKMAN,

Plaintiff-Appellant,

versus

TEXAS DEP'T OF CRIM. JUSTICE,
INST'L DIV.; SHERRY A. McDOUGLE;
JANIE MUNIZ; COREY HARRIS,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Texas
(W-96-CV-210)

August 7, 1997

Before POLITZ, Chief Judge, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Kenneth W. Hickman, a Texas state prisoner, filed a civil rights complaint

and requested leave to proceed *in forma pauperis*. The district court ordered

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hickman to pay an initial partial filing fee of $6.00. Hickman sought an extension of time within which to pay the fee and the district court extended same until October 17, 1996. The district court subsequently dismissed the complaint on the grounds that the initial partial filing fee had not been paid. Hickman moved for reinstatement, contending that he had paid the $6.00 fee, attaching to his motion a trust fund account statement and a date-stamped letter reflecting that a $6.00 payment had been made to the clerk of the district court during August 1996. Hickman gave notice of his appeal. The district court then denied the motion for reinstatement because of the appeal.

Although a district court may dismiss an action for failure to prosecute or to comply with any court order, if the action is dismissed for failure to pay the initial partial filing fee when in fact the fee has been paid, the dismissal constitutes an abuse of the district court's discretion.[1] The docket sheet does not reflect that the initial partial filing fee has been paid, but the documents submitted by Hickman in his motion for reinstatement do. We therefore must VACATE the district court's order of dismissal and REMAND for determination of the actual facts and such further proceedings as are found appropriate.

VACATED and REMANDED.

---

[1] Fed.R.Civ.P. 41(b); **McCullough v. Lynaugh**, 835 F.2d 1126 (5th Cir. 1988).