IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50171
Summary Calendar
_____


BILLY RAY MCDOWELL, JR.,

                                        Petitioner-Appellant,

versus

JOE AGUIRRE, Warden,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-96-CV-481
- - - - - - - - - -
August 10, 1998

Before JONES, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Billy Ray McDowell, Jr., federal prisoner # 05317-069,
appeals from the district court's dismissal without prejudice of
his Bivens[**] complaint, construed as a petition for a writ of
habeas corpus under 28 U.S.C. § 2241, for failure to obey an
order of the court.  McDowell has filed a motion for leave to
appeal in forma pauperis (IFP) on appeal and for injunctive

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

     [**] Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics, 403 U.S. 388 (1971).

relief.  McDowell's motion for leave to proceed on appeal IFP is GRANTED.  See Fed. R. App. P. 24(a).

Because McDowell does not challenge the fact or duration of his confinement, but, rather, challenges the conditions of his confinement, his petition should be construed as a federal prisoner's civil rights complaint under Bivens.  See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994).

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any court order.  Fed. R. Civ. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).  A sua sponte dismissal by the district court is reviewed for abuse of discretion.  McCullough, 835 F.2d at 1127.

McDowell's December 24, 1996, motion, filed within ten days of the district court's December 18, 1996, order to amend, was in substantial compliance with the court's order.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (pro se pleadings are entitled to a liberal construction).  Because McDowell's petition should have been construed as a civil rights complaint, the district court's dismissal for failure to name the proper respondent was improper.  The district court abused its discretion in dismissing McDowell's complaint for failure to prosecute.

The district court's judgment is VACATED and the case is REMANDED for further proceedings.  McDowell's motion for injunctive relief is DENIED.

MOTION FOR IFP GRANTED; MOTION FOR INJUNCTIVE RELIEF DENIED; VACATED AND REMANDED.