# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 98-40708
Summary Calendar

_____

KENNETH MALONE,

Plaintiff-Appellant,

versus

DAVID CONONIE; A. LOMO, Doctor; JAMES W.
BOCHARD; JOSEPH CONNERS; RALPH GARDNER; WALTER C.
KILGUS; AVIS R. LOPEZ; A. ONEGBILE; MARY A.
TUCKER; BETTY COLEMAN; CARMEN MITCHELL; GRACE
CHOA, Doctor; QUIBADEAUX, Ms; GRACE WRIGHT;
IRVIN WOOD; OWEN MURRAH, Doctor; R. VEGHESE;
CHANEY, Doctor; MATHEWS, Doctor; CONDE, Doctor;
CARROL, Doctor; M. WARREN, Doctor; L. LISCOMBE,
Doctor; JAMES ARENS, Doctor; JAMES E. RILEY;
E. J. PEDERSON; N. MARTINEZ; RICK THAYER;
S. FINCK, Executive Director of University
of Texas Medical Branch,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(G-97-CV-455)
_____

June 21, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Kenneth Malone, Texas prisoner # 662533, appeals the district court's dismissal, for failure to prosecute, of his 42 U.S.C. § 1983 complaint regarding his medical needs and treatment. He maintains that he was in poor health and had suffered vision loss

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which prevented him from being able to respond to the district court's order to answer interrogatories.

A district court, *sua sponte*, may dismiss an action for failure to prosecute or to comply with any court order. *See* FED. R. CIV. P. 41(b); **McCullough v. Lynaugh**, 835 F.2d 1126, 1127 (5th Cir. 1988). Although the district court stated that the dismissal was without prejudice, it is treated as being with prejudice, because most of Malone's claims would be time-barred if he were to commence a new action based on the same allegations. *See* **Berry v. Cigna/RSI-Cigna**, 975 F.2d 1188, 1191 (5th Cir. 1992).

Based upon our review of the record, we conclude that, in the light of Malone's failure to comply with the district court's orders, it did not abuse its discretion by dismissing for failure to prosecute. Malone's failure to comply with an earlier Order to Show Cause why his action should not be dismissed confirms that subsequent lesser sanctions would have been unavailing.

*AFFIRMED*