IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10926
Conference Calendar
_____

JAMES SLAUGHTER,

                                        Plaintiff-Appellant,

versus

DAVID GUINN, JR.; Federal Attorney; TANYA K.
PIERCE, Assistant United States Attorney,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:99-CV-158-C
--------------------
August 23, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

     The district court dismissed James Slaughter's (#130049)
civil rights complaint without prejudice for failure to
prosecute.  Previously, this court remanded the case for a ruling
on an outstanding motion under Fed. R. Civ. P. 59(e).  The
district court denied the motion.  Because Slaughter did not file
a new notice of appeal or an amended notice of appeal indicating
his intent to appeal the district court's order disposing of the
Rule 59(e) motion, this court's review is limited to the district

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's July 28, 1999, judgment.  Fed. R. App. P. 4(a)(4)(B)(ii); Bann v. Ingram Micro, Inc., 108 F.3d 625, 626 (5th Cir. 1997).

Under Fed. R. Civ. P. 41(b), a district court may dismiss an action for failure to prosecute or for failure to comply with any court order.  McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).  Such a dismissal is reviewed for an abuse of discretion.  Id.  Slaughter has filed a brief in this court which contains argument regarding the merits of his civil rights complaint but which fails to discuss the question whether the district court abused its discretion in dismissing his complaint for failure to prosecute.  Because Slaughter failed to discuss the district court's rationale for dismissing his complaint, he has failed to show that the district court abused its discretion.

Because the appeal is frivolous, it is DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.  The dismissal of this appeal counts as a "strike" pursuant to 28 U.S.C. § 1915(g).  Slaughter is CAUTIONED that, if he accumulates three "strikes," he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.