IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41000
Conference Calendar
_____

MICHAEL GLENN WILLIAMS,

                                        Plaintiff-Appellant,

versus

R.C. THALER, Warden; D. SANDERS, Senior Warden; ZELDA GLASS,
Lieutenant; KELLEE LANGLEY; MR. HUDSON, Captain; S. WATKINS,
Correctional Officer III; UNKNOWN THOMAS, Sergeant;
B. ROSEBERRY, Captain; CHARLES POWELL, Major; JASON CALHOUN,
Head Doctor; JOHN DOE, Un-named personnel,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:00-CV-2
--------------------
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Michael Glenn Williams, Texas prisoner # 696404, appeals the
dismissal of his 42 U.S.C. § 1983 action for want of prosecution
pursuant to Fed. R. Civ. P. 41(b). The district court found that
the record did not support his contention that anyone at the
Telford Unit was purposefully denying him access to his inmate
trust account.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Williams contends that the law library supervisors refused to mail the withdrawal authorization forms. He cites to this court's opinion in No. 99-40330. He blames the nonpayment of the filing fee on the law library supervisors' failure to turn in the forms he executed. He contends that he has shown that the unit used all types of methods to delay and frustrate his access to courts. He states that "in the case bar he showed it had been done to case-cause in 1998."

Williams refers to actions allegedly taken by the law library supervisors in 1998 in connection with his previous case to excuse his non-payment in this case. As demonstrated by the record and found by the district court, Williams has been able to receive deposits of over $100 in the past six months and has been able to access the money by withdrawing most of it. He has been able to obtain indigent supplies and postage to mail copious pleadings in this case. These facts are not consistent with a concerted effort to deny him access to the courts. The district court did not abuse its discretion in dismissing this action. Fed. R. Civ. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

Williams' appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. Williams is hereby notified that the dismissal of this appeal as frivolous constitutes his third strike under 28 U.S.C. § 1915(g). See Williams v. McConnell Unit, No. 98-40690 (5th Cir. Jun. 16, 1999); Williams v. Zeller, No. 99-40403 (5th Cir.

Feb. 1, 2000).  Williams is hereby informed that he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  His motion to file supplemental briefs is DENIED.

APPEAL DISMISSED AS FRIVOLOUS; MOTION DENIED.