**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-10191**
**Summary Calendar**

_____

**ARDELL NELSON,**

**Plaintiff-Appellant,**

**versus**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE; TEXAS**
**DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL**
**DIVISION OFFICIALS,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(2:00-CV-231)**

_____

May 18, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Ardell Nelson (Texas prisoner #482188) appeals the dismissal of his civil rights action, without prejudice, for failure to prosecute. The dismissal order stated that Nelson had failed to comply with a deficiency notice, which instructed him to sign and return his complaint prior to a 30-day deadline expiring in early January 2001.

------------------------------

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should _not_ be published and is _not_ precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's docket sheet, however, contains the following 12 December 2000 entry: "Received signed complaint from plaintiff Nelson in response to deficiency order dated 12/7/00. Copy forwarded to chambers". Moreover, the complaint in the record on appeal is signed by Nelson and dated 12 December 2000. Because the record indicates Nelson timely complied with the deficiency notice, we conclude that the district court abused its discretion in dismissing the complaint. *See* ***McCullough v. Lynaugh***, 835 F.2d 1126, 1127 (5th Cir. 1988). Accordingly, we **VACATE** the final judgment and **REMAND** the case to the district court for further proceedings consistent with this opinion.

*VACATED and REMANDED*