IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40949
Conference Calendar
_____

WILLIAM MICHAEL MASON,

                                        Plaintiff-Appellant,

versus

CHARLES LANDIS; JOHN WESLEY LANNINGHAM; BLAKE BELL; JAMES
CONNERS; ED WHITEHEAD; LEON W. GUINN; UNIDENTIFIED DEAN, LVN;
DANIEL D. DICKERSON; DANETT D. FARMER; LINDA S. BILBY-KNIGHT;
MATTIE F. DEGETAIRE; LISA G. CURRY; TANYA B. FRANKS; RALPH
PHILLIPS; ROBERT A. KOMER; RONALD BUSH; R. B. BAILEY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:01-CV-107
--------------------
April 11, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     William Michael Mason, Texas prisoner #999040, appeals from

the dismissal of his complaint without prejudice for failing to

comply with the magistrate judge's order to amend his complaint

to state claims personal to him after a complaint filed by Mason

and two other prisoners was separated into three lawsuits.  Mason

contends that the district court erred by dismissing his

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

complaint pursuant to FED. R. CIV. P. 41(b). Mason alleges that he did not receive a copy of the order to file an amended complaint. According to Mason, he complied with all other orders he received from the district court and would have complied with the order to file an amended complaint had he received it. He argues that his case did not present delay or contumacious conduct that justified a dismissal for failure to comply. He believes that his district-court filings should have suggested to the district court that he was unfamiliar with the law and should have led the district court to provide guidance to him instead of dismissing the case. Mason also contends that the magistrate judge's discussion of the merits of his complaint was erroneous.

The dismissal of Mason's complaint for failure to comply with the order to file an amended complaint was not an abuse of discretion. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Mason did not comply with the magistrate judge's order to file an amended complaint separating his claims from those of the other plaintiffs. Moreover, Mason could have presented his claims in his objections to the magistrate judge's report, or in a motion pursuant to FED. R. CIV. P. 59(e) or FED. R. CIV. P. 60(b), and did not.

AFFIRMED.