United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 04-50795
Summary Calendar

————————————

LARRY KEELE

Plaintiff - Appellant

v.

TONY MIRANDA, JOE JACKSON, SANDRA MARTINEZ, SYLVIA ESPINO
TERAN

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CV-467
--------------------

Before KING, Chief Judge, and JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Larry Keele, Texas prisoner # 1077576, filed a civil-rights

complaint pursuant to 42 U.S.C. § 1983 alleging that laundry

personnel at the Bexar County Adult Detention Center were

deliberately indifferent to his serious medical needs while he

was incarcerated there as a pre-trial detainee.  This is Keele's

fourth such complaint.  The district court dismissed Keele's

complaint with prejudice pursuant to FED. R. CIV. P. 41(b) for

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failure to comply with a court order that he provide additional evidence and facts establishing his claims.

Keele argues on appeal that he did not comply with the court order because he was unaware it had been issued until he received a copy of the magistrate's recommendation that his complaint be dismissed. We will not consider this argument since Keele failed to raise it in the district court. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

The record shows that Keele's refusal to comply with the magistrate judge's order to provide additional evidence and and facts in support of his claims was deliberate and contumacious. Further, the district court specifically found that a sanction less than dismissal with prejudice would have had no effect on Keele. The district court did not abuse its discretion in dismissing Keele's complaint with prejudice under Rule 41(b). See Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). The judgment of the district court is

AFFIRMED.