United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41726
Conference Calendar

LAZELL DON JACKSON,

                                        Plaintiff-Appellant,

versus

TEXAS BOARD OF PARDONS & PAROLES; WILLIAM SIEGMAN, Director of
Review and Release Proc.; HOWARD THRASHER, Program Administrator,
Release Proc.; HUGH CAMPBELL, Program Administrator, III; ELLIS
HUFFMAN, Program Administrator I; V. RUTH FLYNN, Administrative
Secretary I; UNIDENTIFIED GARCIA, Parole Commissioner; SANDIE
WALKER, Board Member; DON JONES, Program Administrator I; DEBORAH
ESSARY, Institutional Parole Caseworker,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CV-279
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Lazell Don Jackson, Texas prisoner # 61277, appeals

following the district court's dismissal without prejudice of his

42 U.S.C. § 1983 suit for failure to prosecute.  Jackson argues

that the district court lacked authority to sua sponte dismiss

his complaint for failure to pay the initial partial filing fee

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and that his in forma pauperis complaint could be dismissed only if it was frivolous, malicious, or failed to state a claim. Jackson's arguments are without merit. See FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

With the benefit of liberal construction, Jackson also argues that he believed the district court would collect the filing fee, that the district court's dismissal was arbitrary, malicious, and fraudulent, and that his complaint raised meritorious issues relating to the denial of parole, denial of good-time credit, and the Ex Post Facto Clause. The record shows that Jackson was instructed that he was responsible for paying the filing fee and timely executing all necessary documents for withdrawals from his inmate trust account, but Jackson did not comply with the district court's order. The district court did not abuse its discretion by dismissing the complaint without prejudice. See McCullough, 835 F.2d at 1127.

The district court's judgment is AFFIRMED.