United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20353
Summary Calendar

_____

GEORGE V. FULLER,

                              Plaintiff-Appellant,

versus

HARRIS COUNTY,

                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-633
--------------------

Before DAVIS, BARKSDALE, and  BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        George V. Fuller, a former prisoner of Harris County,

appeals from the dismissal of his civil rights suit alleging

deliberate indifference to his serious medical needs.  The

district court dismissed the suit for failure to prosecute

because Fuller failed to keep the court advised of his current

address, as required by the local rules.

        We review for abuse of discretion a district court's sua

sponte dismissal for failure to prosecute.  See McCullough v.

Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).  A district court

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abuses its discretion when its decision is based on a legal error or a clearly erroneous view of the pertinent facts. See Esmark Apparel, Inc. v. James, 10 F.3d 1156, 1163 (5th Cir. 1994).

The district court's dismissal was based on the fact that a court order sent to Fuller was returned to the court by the post office as undeliverable. Fuller correctly argues, and the defendant agrees, that Fuller did not change his address and that the order was returned due to an inadvertent error in addressing the envelope. Therefore, the district court's dismissal was based on an erroneous view of the facts and was an abuse of discretion. See Esmark Apparel, Inc., 10 F.3d at 1163; McCullough, 835 F.2d at 1127.

We therefore vacate the district court's order and remand for further proceedings. We decline to address, and leave for the district court in the first instance, the merits of Fuller's argument that he was entitled to a grant of summary judgment. See Western Fire Ins. Co. v. Copeland, 786 F.2d 649, 653 n.4 (5th Cir. 1986). Fuller has also filed three motions to supplement the record on appeal. Those motions are denied.

VACATED AND REMANDED. MOTIONS TO SUPPLEMENT THE RECORD DENIED.