# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 26, 2010

Lyle W. Cayce
Clerk

No. 09-41121
Summary Calendar

TODD DARNELL GREATHOUSE,

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; BRAD LIVINGSTON; ANITA ESCOBEDO, Texas Department of Criminal Justice Ombudsman; TIMOTHY LESTER, Assistant  Warden; JOHN SMITH, Major; YOLANDA TAMEZ, Lieutenant; JAMES GARLAND, Sergeant; JEFFERY WEBSTER, Corrections  Officer; WARREN WORTHY, Grievance Officer; ROBERT GREENVILLE, Senator,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:09-CV-137

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Proceeding *in forma pauperis* and *pro se*, Todd Darnell Greathouse, Texas inmate # 1246497, appeals the dismissal, without prejudice, of his civil rights

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint for failure to comply with the district court's order that he pay an initial partial filing fee of $19.70. Greathouse's only explanation for why he refused to comply is that he would have to forgo purchases if required to pay the fee. Nor does the record indicate he was justified in refusing to pay it. Greathouse is not barred by the applicable statute of limitations (Texas) from refiling his complaint. The district court, therefore, did not abuse its discretion in dismissing his complaint under Federal Rule of Civil Procedure Rule 41(b) (involuntary dismissal). *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

Further, contrary to Greathouse's contention, the Prison Litigation Reform Act (PLRA) provisions that require a prisoner to pay the full appellate filing fee in installments are constitutional. *See Norton v. Dimazana*, 122 F.3d 286, 290 (5th Cir. 1997). There is no right to proceed in a civil action without paying a filing fee, and the PLRA requires prisoners to consider the filing cost prior to filing a civil action in federal court. *Id.* at 290-91.

Greathouse's assertion that *Boumediene v. Bush*, 128 S. Ct. 2229 (2008), renders this court's decision in *Norton* nonbinding is without merit. In *Boumediene*, the Supreme Court ruled that aliens held at Guantanamo Bay as enemy combatants had a right to file habeas corpus applications challenging their detention; *Boumediene* does not concern issues relevant to the present case. *See* 128 S. Ct. at 2242-77.

This appeal is entirely without merit and is therefore frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, it is dismissed. *See* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Greathouse is warned that, if he accumulates three strikes under § 1915(g), he will not be able to proceed *in forma pauperis* in any

civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

DISMISSED; SANCTION WARNING ISSUED.