# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2012

No. 11-30741
Summary Calendar

Lyle W. Cayce
Clerk

JAMES REEDOM,

Plaintiff-Appellant

v.

O'NEAL JONES, JR.,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-375

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, James Reedom moves for leave to proceed in forma pauperis (IFP) on appeal following the district court's denial of his IFP motion and certification that his appeal was not taken in good faith. He seeks to appeal the dismissal of his complaint that O'Neal Jones, Jr. committed land fraud. The district court dismissed the suit without prejudice pursuant to Federal Rule of Civil Procedure 41(b) because Reedom failed to appear for a docket call to report

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the status of his case or show good cause why his case should have remained on the district court's docket.

Reedom's IFP motion challenging the certification decision "must be directed solely to the trial court's reasons for the certification decision." *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Reedom has not shown that the district court abused its discretion in dismissing his complaint for failure to prosecute. *See* FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Additionally, Reedom has not addressed the district court's reasons for its certification decision. Thus, he has failed to show that his appeal is taken in good faith. *See Howard*, 707 F.2d at 220. Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous pursuant to 5TH CIR. R. 42.2.