# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-40468
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 17, 2013

Lyle W. Cayce
Clerk

JOHN MARK QUAAK,

Plaintiff-Appellant

v.

OFFICER BROWN; OFFICER HOUSTON; OFFICER SMITH;
OFFICER PUGH SEYOFF; OFFICER FANNING SEGOTT;
DEFENDANT CRY; DEFENDANT KATRAGRADDA; DEFENDANT
THOMAS; DEFENDANT BURLESON; DEFENDANT RIVAS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:11-CV-356

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

John Mark Quaak, Texas prisoner # 1436525, appeals the dismissal of his 42 U.S.C. § 1983 lawsuit, alleging that officials with the Terrell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, have violated his constitutional rights. The district court dismissed the lawsuit without prejudice pursuant to Federal Rule of Civil Procedure 41(b) because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Quaak failed to comply with its order that he submit a properly certified inmate trust fund data sheet in support of his motion for leave to proceed in forma pauperis.

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any court order. FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Because the dismissal at issue was without prejudice and the applicable statute of limitations would not currently bar Quaak's refiling of the suit, we review for an abuse of discretion. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190-91 (5th Cir. 1992); *McCullough*, 835 F.2d at 1127; *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007)*; Cooper v. Brookshire*, 70 F.3d 377, 380 n.20 (5th Cir. 1995); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).

Quaak conclusionally asserts that the district court judge was prejudiced against him, made false entries in the docket, and conspired with the defendants to keep his lawsuit out of court. However, he offers no explanation for his failure to comply with the district court's order or for his delay in submitting the required trust fund data sheet, which he ultimately supplied after the dismissal of his case. Quaak has thus failed to show that the district court abused its discretion. *See* FED. R. CIV. P. 41(b); *McCullough*, 835 F.2d at 1127. The district court's judgment is therefore AFFIRMED. Quaak's motion for the appointment of counsel, seeking to have counsel appointed to represent him in unspecified future civil and criminal matters, is DENIED.