# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50387
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2015

Lyle W. Cayce
Clerk

SHAWN L. DUNN, Member of Texas Courts/Conspiracy against the People.org, Class Rep.,

Plaintiff-Appellant

v.

HONORABLE TRENTIN D. FARRELL, Individually and in His Official Capacity; HONORABLE WAYNE SALVANT, Individually and in His Official Capacity; HONORABLE BROCK THOMAS, Individually and in His Official Capacity; HONORABLE ROBERT NEWSOM, Individually and in His Official Capacity; HONORABLE GRACIE LEWIS, Individually and in Her Official Capacity; ET AL,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-20

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Shawn L. Dunn, Texas prisoner # 1686724, and additional plaintiffs, filed a complaint alleging that the defendants had violated their constitutional

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50387

and civil rights in connection with their prosecutions, convictions, and continued incarceration and seeking declaratory relief, injunctive relief, and damages. The district court severed the claims and opened a new case for each plaintiff. Only Dunn's claims remained in the instant litigation. Dunn was ordered by the district court on two occasions to file an amended complaint setting forth details of his own claims and the district court warned him that failure to file an amended complaint would result in dismissal. Rather than amend his complaint as ordered, Dunn continued to file pleadings on behalf of the group of plaintiffs and he filed a motion for class certification.

The district court denied the motion for class certification and, pursuant to Federal Rule of Civil Procedure 41(b), dismissed the complaint without prejudice for want of prosecution. Dunn appeals these rulings, providing this court a difficult to decipher argument and contending, in a conclusional fashion, that class certification is warranted. He also has filed motions seeking the appointment of counsel, an emergency phone conference, and class certification.

Regarding the district court's denial of his motion for class action certification, Dunn has failed to establish that

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

*See* FED. R. CIV. P. 23(a). He therefore has failed to establish that the district court abused its discretion by denying his motion for class action certification. *See M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 836-37 (5th Cir. 2012).

No. 14-50387

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any court order.  *See* FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  A sua sponte dismissal by the district court is reviewed for abuse of discretion.  *McCullough*, 835 F.2d at 1127.  The scope of the district court's discretion is narrower, however, when the Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar reprosecution of a suit dismissed without prejudice under Rule 41(b).  *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190-91 (5th Cir. 1992).

As Dunn failed to provide a clear statement of his claims, this court cannot determine whether a statute of limitations would bar reprosecution of his suit.  In any event, Dunn refused to comply with the district court's explicit directive that he file an amended complaint that set forth his claims.  Also, prior to dismissing his complaint, the district court warned Dunn that it would dismiss his complaint if he failed to file an amended complaint.  Given Dunn's ability to file numerous other pleadings in the district court in the relevant time frame, his failure to comply with the district court's orders instructing him to file pleadings that set forth his own claims appears to be willful and intentional, rather than based upon a misunderstanding of the type of pleadings the district court required.  *See Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.  All outstanding motions are DENIED.