# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10912
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2016

Lyle W. Cayce
Clerk

JESSE F. REECE, SR.,

      Plaintiff - Appellant

v.

HOWMET CORPORATION; ALCOA, INCORPORATED,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:15-CV-78

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

      Jesse F. Reece, Sr., a pro se plaintiff, appeals the district court's dismissal without prejudice for failure to prosecute and comply with the court's orders. In May 2015, Reece brought suit against "Alcoa Power and Howmet Corporations," which the district court determined based upon submissions from the defendant was properly Howmet Castings and Services, Inc., Reece's

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10912

former employer. Howmet had fired Reece a few months before he brought this suit. The district court understood Reece's claim to be for breach of contract. [1]

The district court ordered the parties to meet, confer, and issue a joint proposed scheduling order for the case by August 27, 2015. Citing several unsuccessful attempts to confer with Reece, Howmet filed a report individually and informed the district court that Reece did not contribute. The district court therefore entered an order instructing Reece to file a pleading responding to Howmet's report no later than September 4, 2015 and warned that, if Reece failed to do so, his case may be dismissed. Reece filed a Motion for a More Definite Statement and Answer on September 4th, but the motion did not address Howmet's report. The district court therefore issued an order explaining that the motion was not responsive to the court's order, and instructing Reece to file a pleading by September 14th that explained why he failed to meet and confer with opposing counsel and file a joint status report. The district court again warned that failure to do so may result in dismissal of his case. Reece, however, did not comply. The district court thus dismissed

---

[1] While neither the parties nor district court questioned subject matter jurisdiction, we must do so *sua sponte* if we discover a possible jurisdiction issue. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 575 (5th Cir. 2003). Reece indicated on his complaint cover sheet that his case arises under federal question jurisdiction and wrote that the applicable civil statute is "440 Other Civil Right (365 Personal Product Liability)"; however, his cause of action appears to be—and was understood by the district court as—a state law breach of contract claim. Thus he does not seem to have pled a cause of action arising under federal law. The defendants represent in their briefing to this Court that subject matter jurisdiction is proper under diversity jurisdiction. Looking to the entity the district court interpreted as the proper defendant, Howmet Casting & Services, Inc., public documents indicate that it is incorporated in Delaware and has its principle office in Cleveland, Ohio. OHIO SECRETARY OF STATE, State of Ohio Certificate for Howmet Castings & Services, Inc., Foreign License/For Profit (Doc. No. 200501900116), http://www2.sos. state.oh.us/reports/rwservlet?imgc12g&Din=200501900116. *See United States v. Herrera-Ochoa*, 245 F.3d 495, 501 (5th Cir. 2001) ("An appellate court may take judicial notice of facts, even if such facts were not noticed by the trial court."). The amount in controversy is also satisfied, as Reece claims over $400,000 in damages. Thus the evidence presently before the Court indicates that jurisdiction is proper.

the action without prejudice for failure to prosecute and comply with the district court's order.  Reece appeals.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action based on the plaintiff's failure to prosecute or comply with orders of the court. FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).  We review such dismissals for abuse of discretion.  *Id.*

The district court gave Reece several opportunities to explain why he had not conferred with opposing counsel and to respond to Howmet's report on a proposed trial schedule; with each opportunity, it warned that failure to comply could result in dismissal of his case.  But Reece continued to be unresponsive to these instructions, limiting the court's ability to move the case forward.  And significantly, the dismissal was without prejudice, meaning that Reece can file his claim again.  It does not appear from the record, nor does Reece allege, that his claim is time barred.  *See, Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (citing TEX. CIV. PRAC. & REM. CODE § 16.051) ("A party asserting a breach of contract claim must sue no later than four years after the day the claim accrues.").  Reece has not suffered prejudicial harm.  *See McCullough*, 835 F.2d at 1127; *Manning v. Cheramie Bros. Bo Truc*, 247 F. App'x 565, 566 (5th Cir. 2007).  District courts are "allowed leeway in the difficult task of keeping their dockets moving," and the sanction of dismissal without prejudice may be appropriate.  *McCullough*, 835 F.2d at 1127.  We thus hold that the district court acted within its discretion.

AFFIRMED.