# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41198

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ARMANDO AMIEVA–RODRIGUEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-311-1

Before JONES, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:

Armando Amieva–Rodriguez pled guilty to possession with intent to distribute more than 50 kilograms of marijuana. The district court sentenced him to 30 months of imprisonment and three years of supervised release. He appealed his sentence, arguing that the district court erred by not applying a mitigating-role reduction when the court calculated his advisory guidelines sentencing range. We affirmed the district court's judgment.[1] The Government then filed a petition for panel rehearing, arguing that Amieva–

---

[1] *United States v. Amieva–Rodriguez*, 874 F.3d 898, 905 (5th Cir. 2017).

Rodriguez's appeal was moot.[2] On November 27, 2017, we directed Amieva–Rodriguez to respond to the Government's petition.[3] He has not responded.

Courts have an "inherent power" to dismiss cases for lack of prosecution.[4] This power enables courts to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[5] We may dismiss an action for failure to prosecute or to comply with a court order without a motion from either party.[6]

Because Amieva–Rodriguez has not responded to our order, we conclude that it is appropriate to vacate our earlier panel decision and dismiss his appeal for failure to prosecute.

\*     \*     \*

It is ORDERED that the opinion in *United States v. Amieva–Rodriguez*[7] is WITHDRAWN, the judgment of this court is VACATED, and the appeal is DISMISSED.

---

[2] United States' Pet. for Panel Reh'g at 5-7, *United States v. Amieva–Rodriguez*, 874 F.3d 898 (5th Cir. 2017) (No. 15-41198, Doc. 117).

[3] Request for Resp. to the United States' Pet. for Panel Reh'g at 1, *United States v. Amieva Rodriguez*, 874 F.3d 898 (5th Cir. 2017) (No. 15-41198, Doc. 121).

[4] *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (affirming a district court's dismissal for failure to prosecute).

[5] *Id.*

[6] *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam) (citing *Link*, 370 U.S. at 630-31) (upholding a district court's dismissal for a plaintiff's failure to attend a hearing).

[7] 874 F.3d 898 (5th Cir. 2017).