# United States Court of Appeals for the Fifth Circuit

———————

No. 25-20226
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2026

Lyle W. Cayce
Clerk

STEVEN J. STRINGFELLOW,

*Plaintiff—Appellant*,

*versus*

THE STATE OF TEXAS; MONTGOMERY COUNTY COURT AT LAW 4; MONTGOMERY COUNTY SHERIFF OFFICE,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:25-CV-1085

———————————————————

Before KING, HAYNES, and HO, *Circuit Judges*.
PER CURIAM:[*]

Steven J. Stringfellow filed a complaint in connection with the execution of a writ of possession as part of his eviction proceedings in Montgomery County, Texas. He appeals the district court's dismissal of his complaint pursuant to Federal Rule of Civil Procedure 41(b) for failing to

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

comply with a court order requiring him to amend his complaint to comply with Federal Rule of Civil Procedure 8.

Rule 8(a) requires that a complaint contain, among other things, a "short and plain statement of the claim." FED. R. CIV. P. 8(a)(2). While Stringfellow argues that there is no page limit set by statute, the district court has "great leeway in determining whether a party has complied with Rule 8." *Gordon v. Green*, 602 F.2d 743, 745 (5th Cir. 1979).

Given that Stringfellow's complaint was lengthy, repetitive, and difficult to parse, the district court's order that he replead his case, comply with Rule 8, and limit his pleadings to 20 pages was within the court's discretion. *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995). Stringfellow fails to show that the allegations in his complaint undermine the district court's conclusion that he did not comply with Rule 8(a)(2). *See Stevens v. St. Tammany Par. Gov't*, 17 F. 4th 563, 574 (5th Cir. 2021). He has not demonstrated that the district court abused its discretion by dismissing the case pursuant to Rule 41(b). *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

The judgment of the district court is AFFIRMED. Stringfellow's motion to supplement his complaint, amend his complaint, file an original proceeding, and for joinder is DENIED.