# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-50598
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
January 30, 2026

Lyle W. Cayce
Clerk

Luke Carlson Storey,

*Plaintiff—Appellant*,

*versus*

Deputy Assistant Attorney General, *doing business as* David A. Hubbert; Internal Revenue Service, *doing business as Lu H. Jimenez, IRS Agent*,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:24-CV-989

————————————————————————

Before Clement, Southwick, and Oldham, *Circuit Judges*.
Per Curiam:[*]

Luke Storey sued the IRS and the United States Deputy Assistant Attorney General, asserting that, as a sovereign non-citizen, he is exempt from paying income taxes. The government moved to dismiss Storey's pro se complaint; Storey did not file a timely response. The district court issued

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

a show cause order giving Storey four weeks either to show cause why the court should not grant the government's motion as unopposed or to file a response. The court warned Storey that failure to comply with its order could result in the dismissal of the action. Over six months after the court issued its order, Storey had not filed a response to the government's motion or the court's order. So, the court dismissed the action without prejudice for Storey's failure to prosecute and his failure to comply with the court's order.

Storey appealed, but his brief does not address the district court's dismissal for failure to prosecute and failure to comply with a court order. Instead, Storey's brief repeats the arguments he raised in his complaint. "Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (quoting *Price v. Digit. Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (per curiam)). Because Storey's brief does not challenge the district court's dismissal, he has forfeited any such argument on appeal. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

In any event, the district court did not abuse its discretion by dismissing the case. "A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam) (citing Fed. R. Civ. P. 41(b)). "The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). We review such dismissals for abuse of discretion. *Id.*

The district court's show cause order of December 27, 2024, gave Storey until January 23, 2025, to respond either to the government's motion or the court's order. Thus, Storey had seventy-seven days from the date the

No. 25-50598

government filed its motion on November 7, 2024, to file a response, as opposed to the fourteen days provided by the district court's local rules. *See* W.D. Tex. Civ. R. 7(d)(2). The court warned Storey that failure to comply with its order could result in the dismissal of his action. Then, after more than six months passed without Storey filing a response, the district court dismissed the action without prejudice. *See Rogers v. Kroger Co.*, 669 F.2d 317, 321–22 (5th Cir. 1982) (describing "dismissal without prejudice" as a "less severe sanction[]" than a with-prejudice dismissal "that may be used to safeguard a court's undoubted right to control its docket"). Given this clear record of delay, the district court acted within its discretion by dismissing Storey's complaint for failure to prosecute and failure to comply with the court's order.

We AFFIRM.