# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2020

Lyle W. Cayce
Clerk

No. 19-40687

JULIO E. LOZA,

        Plaintiff - Appellant

v.

SELECT PORTFOLIO SERVICING, INCORPORATED; DEUTSCHE BANK
NATIONAL TRUST COMPANY, as Trustee for Morgan Stanley ABS Capitol
1 Inc. Trust 2005-HE7, Mortgage Pass-Through Certificates, Series 2005-
HE7; POWER DEFAULT SERVICES, INCORPORATED,

        Defendants - Appellees

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CV-430

---

Before SMITH, HIGGINSON, and ENGELHARDT, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Pro se Plaintiff-Appellant Julio E. Loza obtained a loan secured with residential property in McAllen, Texas. He defaulted and brought the instant action challenging the resulting foreclosure proceedings. The day before the deadline for pretrial motions, defendants Deutsche Bank National Trust

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40687

Company ("Deutsche Bank") and Select Portfolio Servicing, Incorporated ("SPS") sent Loza new discovery documents. In response, Loza filed a motion to amend the scheduling order, arguing that he needed time to review the new documents and possibly request additional discovery before filing a motion for summary judgment. Deutsche Bank and SPS opposed the motion and filed their own motion for summary judgment. The district court denied Loza's motion, granted Deutsche Bank and SPS's motion, and sua sponte dismissed the remaining claims against defendant Power Default Services, Incorporated ("PDS") with prejudice for failure to prosecute. Loza filed a timely notice of appeal. He argues that there was good cause for the district court to grant his motion to amend the scheduling order, and the district court erred in dismissing his remaining claims sua sponte. We AFFIRM in part, REVERSE in part, and REMAND.

I

First, Loza argues that the district court erred in denying his motion to amend the scheduling order. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). We review a district court's enforcement of its scheduling order for an abuse of discretion. *United States v. Hale*, 685 F.3d 522, 532 (5th Cir. 2012). Deutsche Bank and SPS respond that Loza has waived this argument by failing to adequately brief it and, alternatively, the district court did not abuse its discretion.

"[W]e liberally construe briefs of pro se litigants and apply less stringent standards to [them]." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). However, "pro se parties must still brief the issues and reasonably comply with the standards of [Fed. R. App. P. 28]." *Id.* For example, "an appellant [must] set forth his 'contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'" *Arredondo v. Univ. of Tex. Med. Branch at Galveston*, 950 F.3d 294, 298 (5th Cir. 2020)

(quoting Fed. R. App. P. 28(a)(8)(A)). Nevertheless, "we can consider a pro se litigant's non-compliant brief when the non-compliance did not prejudice the opposing party." *Id.* We have found that the opposing party was prejudiced when it was forced to "speculate as to the relevant issues" when preparing its own brief, *Grant*, 59 F.3d at 525, and when the pro se party's brief was "confusing and layered with arguments that [were] not supported by the record," *Arredondo*, 950 F.3d at 299. We have found that the opposing party was not prejudiced when it fully briefed the sole issue in the case, no disputed facts clouded the resolution of the legal issue, and all that remained was to apply well-settled law to the facts. *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988).

Loza's brief does not contain citations to relevant legal authority, but it does contain relevant record citations, including citations to the district court's order which states the relevant legal standard and cites to relevant legal authority. Moreover, whether Loza demonstrated good cause is a fact-intensive issue about which the law is well-settled. Deutsche Bank and SPS adequately identified this issue and responded to Loza's arguments in their brief. Therefore, we discern no prejudice and address this issue on the merits.

We consider four factors in assessing good cause: (1) the explanation for the failure to comply with the scheduling order, (2) the importance of the modification, (3) potential prejudice in allowing the modification, and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

Loza argues that he provided a reasonable explanation for his inability to comply with the existing scheduling order, but he does not challenge the district court's finding that the modification was not important. The district court found that Loza's claims against Deutsche Bank and SPS all fail as a matter of law such that no facts Loza could have discovered and no arguments

No. 19-40687

Loza could have made in his own motion for summary judgment would have altered the outcome of the case. A district court does not abuse its discretion by denying a motion to modify a scheduling order when that modification would be futile for the moving party. Therefore, we find no abuse of discretion.

II

Loza also argues that the district court should not have dismissed his remaining claims against PDS with prejudice for failure to prosecute. The district court has the inherent power to dismiss an action sua sponte for failure to prosecute. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). We review such dismissals for abuse of discretion. *Id.*

"Dismissals with prejudice for failure to prosecute are proper only where (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006) (citing *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005)); *see also Coon v. Charles W. Bliven & Co., Inc.*, 534 F.2d 44, 48–49 (5th Cir. 1976) ("[D]ismissal of an action for failure to prosecute with reasonable diligence is . . . too harsh except in extreme circumstances." (internal quotation omitted)).

Loza brought this lawsuit on October 2, 2017. On February 7, 2018, he failed to appear for the initial pretrial and scheduling conference, and the district court ordered him to state, within ten days, whether he intended to prosecute his claims. Loza responded by apologizing to the court for missing the hearing and "reaffirm[ing] his intention to prosecute this case to the best of his ability." Thereafter, it does not appear that Loza missed any other hearings or disobeyed any court orders. Nevertheless, on July 8, 2019, the district court, in a final paragraph, sua sponte dismissed Loza's claims against

PDS. This dismissal was with prejudice. The district court noted that "[t]he docket does not reflect that [PDS] has been served, or that Plaintiff has made any attempt to prosecute his suit against it," but it did not cite to any contumacious conduct by Loza or expressly consider any lesser sanctions. In *McCullough*, the only case cited by the district court in support of its sua sponte dismissal, we affirmed a dismissal *without prejudice* for lack of prosecution. 835 F.2d at 1127. Given the paucity of briefing and the circumstances surrounding the claims against PDS, it is likely that the district court intended to dismiss without prejudice. However, because the entered dismissal is with prejudice and the district court did not expressly consider or attempt to employ any lesser sanctions such as a warning or dismissal without prejudice, we are compelled to find an abuse of discretion.[1]

***

For the foregoing reasons, we AFFIRM the district court's denial of Loza's motion to amend the scheduling order and its summary judgment dismissal of the claims against Deutsche Bank and SPS, we REVERSE the district court's sua sponte dismissal with prejudice of Loza's remaining claims against PDS, and we REMAND for further proceedings.

---

[1] Indeed, Federal Rule of Civil Procedure 4(m), which provides the time limit for service in federal court, says that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own *after notice to the plaintiff*—must dismiss the action *without prejudice* against that defendant or order that service be made within a specified time." (emphasis added).